UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Vachueyee V., | No. 22-cv-1474 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Vachueyee V. brought this action after the Acting Commissioner of Social Security, Defendant Kilolo Kijakazi, denied his application for disability benefits, and asks the Court to reverse Defendant's final decision for an award of benefits or remand for further proceedings. [Dkt. 1.] The parties filed cross-motions for summary judgment. [Dkt. 20, 23.] On May 22, 2023, United States Magistrate Judge Dulce J. Foster recommended denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment. [R&R, Dkt. 27.] Plaintiff timely objected to that report and recommendation ("R&R"). [Obj. to R&R, Dkt. 28.] Having reviewed the record carefully, the Court overrules Plaintiff's objections, accepts the R&R, grants Defendant's summary-judgment motion, and denies Plaintiff's summary-judgment motion.

I.   BACKGROUND

Magistrate Judge Foster included a thorough discussion of the factual record in the Report and Recommendation. The R&R explores the following in detail: (1) Mr. V's

1

struggles with pain and his gout-related treatment from November 2018 through February 2021; (2) his treatment at a neurology clinic from October 2019 through at least May 2020; (3) his treatment by a specific provider, Dr. Kamal, from December 2019, through May 2021 and Dr. Kamal's Medical Opinion of April 19, 2021; (4) administrative findings by state agency records reviewers at the initial and reconsideration levels of the disability benefits application process; (5) the evidence at the administrative hearing; and (6) the ALJ's written decision. [R&R at 3–18.] The Court does not repeat that recitation here.

In recommending that Mr. V's appeal from the SSA's denial of his application for disability benefits be denied, Judge Foster concluded that the ALJ properly evaluated Dr. Kamal's April 2021 opinion and the ALJ's findings were supported by substantial evidence. Those findings are the focus of Mr. V's Objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, No. 19-cv-2384 (WMW/DTS), 2021 WL 4444813, at *1 (D. Minn. Sept. 28, 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

When reviewing the Commissioner of Social Security's denial of disability benefits, courts must determine whether the agency's decision is supported by substantial evidence on the record as a whole, or whether the decision was based on any legal error. 42 U.S.C. § 405(g); *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018). The substantial evidence standard in such cases requires courts to consider both evidence that supports and evidence that detracts from the agency's decision, but it is nevertheless deferential. *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022). Courts "will disturb the Commissioner's decision only if it falls outside the available zone of choice." *Id.* (cleaned up).

When evaluating medical opinions under the revised SSA regulations, an ALJ must consider: "(1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). The supportability and consistency factors are the most important. *Id.* (citing 20 C.F.R. § 404.1520c(a)). Although treating physicians' opinions used to receive "special deference" under the SSA's previous regulations, that is no longer the case. *Id.* (citing 20 C.F.R. § 404.1520c(a)).

**B.  Analysis**

Dr. Kamal's April 2021 medical opinion found that based on Mr. V's side effects from medication, his severe flare ups from gout, his lower back degenerative condition, and immunosuppressants, he has several functional limitations. [R. 1689, Dkt. 16.] These

3

included limits on lifting and carrying objects both on an occasional and frequent basis; limits on standing and walking; and limits on standing and sitting, as well as the need to alternate from sitting, standing, or walking to relieve discomfort. In addition, Mr. V would sometimes need to lie down and elevate his feet due to his pain and other symptoms. [*Id.*]

> Dr. Kamal further opined that Plaintiff's "rotator cuff pain, gout, [and] side effects to kidney medicines" affected Plaintiff's ability to reach (including overhead), handle, finger, feel, and push/pull, and that while Plaintiff could frequently rotate and flex his neck, he could only occasionally twist, stoop, crouch, climb stairs, climb ladders, and repetitively control his feet. (R. 1690.) Dr. Kamal specified that these activities caused Plaintiff "joint pain, numbness, and soreness." (R. 1690.)
> Dr. Kamal also recommended the following environmental restrictions because certain environmental factors exacerbated Plaintiff's joint pain and affected his ability to concentrate: (1) avoid concentrated exposure to vibration and hazards such as heights and machinery; and (2) avoid moderate exposure to extreme cold, extreme heat, humidity, and fumes, odors, dusts, gases, and poor ventilation. (R. 1691.) Dr. Kamal also stated Plaintiff's impairments made him "unable to concentrate," and "sometimes unable to make good judgment." (R. 1691.) She further stated Plaintiff's impairments dated back to at least November 15, 2019 (R. 1692) and were [to] likely cause him to be absent from work more than three times per month (R. 1691).

[R&R at 11.]

When the ALJ denied Plaintiff's claim, he addressed Dr. Kamal's opinion, including each of the limitations that Dr. Kamal recommended. [R. 21.] However, the ALJ found the opinion overly restrictive and unpersuasive. The ALJ noted that at the time of the opinion, Dr. Kamal acknowledged being unable to "really assess full

4

workability" and did not evaluate Plaintiff's joints. Further, the ALJ observed that one month prior to giving the opinion, Dr. Kamal's treatment notes reflected that Plaintiff had not experienced a recent gout attack. [R. 21.] The ALJ also found other aspects of the opinion inconsistent with or not fully supported by the record. For example, according to the ALJ, Dr. Kamal's finding that Plaintiff would need to elevate his feet was not supported because medical records showed the absence of edema, control of edema with the use of compression socks, and no elevation used except in the context of acute injury. [R. 21.] The ALJ similarly found the opinion's limitations on Mr. V's abilities to handle and finger insufficiently supported by the medical evidence. [R. 21.]

In his Objections, Mr. V raises several issues with the ALJ's supportability findings regarding Dr. Kamal's opinion. Mr. V contends that: (1) the ALJ should not have discounted Dr. Kamal's opinion based on the March 2021 note indicating that he had not had a recent gout attack, especially in light of an October 2020 record documenting a gout flare up; (2) Dr. Kamal's statement that she was unable to "really assess full workability" was too vague a statement on which to discredit her opinion; and (3) the lack of an examination of Mr. V's joints in March 2021 was not a sound basis to reject the opinion. [Dkt. 28 at 3–4.] In addition, Mr. V takes issue with the ALJ's reliance on evidence "scattered throughout the record" in discounting Dr. Kamal's opinions regarding Mr. V's ability to handle and finger as well as his need to elevate his legs. Further, he suggests that the ALJ engaged in a "selective review of the record" in considering the supportability factor. [Dkt. 28 at 5–6.]

Based on the Court's de novo review of the record, these objections are overruled. First, the fact that Mr. V can point to a gout flare up from six months before Dr. Kamal's April 2021 medical opinion does not undermine the ALJ's finding that the opinion lacked support given the absence of a recent gout attack. Indeed, there was evidence from Dr. Kamal indicating that in March 2021, she considered that Mr. V had not had a recent attack. [R. 1676.] The mere fact that Mr. V can point to other evidence in the record to argue that the ALJ should have reached a different result does not mean that the decision was not supported by substantial evidence. *See Adamczyk v. Saul*, 817 F. App'x 287, 290 (8th Cir. 2020).

Second, the Court finds nothing vague about Dr. Kamal's statement that she was unable to "really assess full workability" and certainly not to the point that it undermines the ALJ's supportability findings. The March 12, 2021 treatment note simply indicates that Dr. Kamal did not feel able to make a complete assessment of Mr. V's ability to work. [R. 1676 ("Is seeking disability. I did tell him to fill the forms but I cannot really assess full workability.").] Such a reservation about making the disability assessment were a valid basis for the ALJ to discount the persuasive value of the doctor's opinion.

Third, the March 2021 treatment note indicates that Mr. V informed Dr. Kamal he was seeking disability benefits. The ALJ's decision notes that Dr. Kamal had not examined Mr. V's joints that day, but the very next month provided a medical opinion that included significant work-related limitations. [R. 21.] Many of those limitations relate to proper joint functioning. Indeed, Dr. Kamal's opinion explicitly mentions joint

6

pain twice. It was not unreasonable for the ALJ to note the absence of a joint exam in connection with the discussion of seeking disability.

Finally, Mr. V's remaining contentions amount to a disagreement with how the ALJ weighed the evidence concerning handling and fingering limitations, the need for elevating the legs, and the severity of other limitations. But such disagreements do not provide a basis for the Court to reverse the agency's decision. *Schmitt v. Kijakazi*, 27 F.3d 1353, 1361 (8th Cir. 2022) ("Despite [Plaintiff's] dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh the evidence."). The Court finds the ALJ's decision on these points was supported by substantial evidence. As Judge Foster explained, medical records revealed "no mention of any upper body abnormality when Plaintiff's extremities were examined," minimal shoulder findings, full range of motion in digits and in the wrist and elbow, and limited findings concerning peripheral edema or other suggestion of a foot problem that would require regular elevation of the feet. [R&R at 21–22 (citing medical records supporting ALJ's determinations).] Other records provide additional support for these findings. [R. 1680–82 (gradual improvement of gout condition with treatment on colchicine), 1296 (no swelling or rash on feet), 1469, 1504–05 (foot and ankle x-ray showing normal joint spaces), 1458, 1475 (walking with normal gait), 951, 1286, 1475 (normal range of motion and strength on musculoskeletal exam).]

Accordingly, the Court overrules Plaintiff's Objections and accepts the R&R's recommendations that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

7

### III. ORDER

Based on the discussion above, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Objections to the Report and Recommendation [ECF No. 28] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [ECF No. 27] is **ACCEPTED**;

3. Plaintiff's Motion for Summary Judgment [ECF No. 20] is **DENIED**;

4. Defendant's Motion for Summary Judgment [ECF No. 23] is **GRANTED**;

5. The Commissioner's decision denying benefits is **AFFIRMED**; and

6. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

**Let Judgment be Entered Accordingly.**

Date: September 21, 2023

                                                               *s/Katherine Menendez*
                                                               Katherine Menendez
                                                               United States District Judge